

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KARL ASHANTI
*Senior Counsel*
Phone: (212) 356-2371
Fax: (212) 356-3509
kashanti@law.nyc.gov

January 24, 2017

**VIA ECF**
Honorable Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Justin Kuchma v. The City of New York, et al.</u>,
                  16 CV 7830 (LTS)

Your Honor:

        I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced action. By Order dated January 18, 2017 (Docket Entry No. 29), upon the application of plaintiff, the Court directed the parties to file a Preliminary Pre-Trial Statement by January 31, 2017 and adjourned the initial pre-trial conference until February 7, 2017, at 4:00 p.m. Recently, this office learned from the New York City Department of Correction Investigation Division ("ID") that there is an open investigation regarding the incident underlying plaintiff's complaint and the facts and circumstances surrounding it. For the reasons set forth herein, the City respectfully requests a complete stay of the instant matter, including the filing of a Preliminary Pre-Trial Statement, pending the outcome of the investigation into the underlying incident by ID. Plaintiff does not consent to the application.

        Courts in this district routinely grant motions to stay an action due to an open use of force investigation. <u>See, e.g.</u>, <u>Pizzaro v. New York City Department of Correction, et al.</u>, No. 16 Civ. 2418 (RJS), Docket Entry No. 19 (S.D.N.Y. July 18, 2016) (granting a complete stay until resolution of an investigation regarding the same incident underlying plaintiff's complaint, an incident where plaintiff alleged excessive force and strip search); <u>Turner v. C.O. Scott, et al.</u>, No. 14 Civ. 7236 (RWS), Docket Entry No. 38 (S.D.N.Y. March 31, 2016) (granting a complete stay until resolution of an investigation regarding the same incident underlying plaintiff's complaint, an incident where plaintiff alleged assault); <u>Harvey Brown v. Pringles, et al.</u>, No. 15

Civ. 9848 (PGG), Docket Entry No. 14 (S.D.N.Y. April 4, 2016) (granting a complete stay, including the City's obligation to respond to a Valentin Order, until resolution of an investigation regarding the same incident underlying plaintiff's complaint, an incident where plaintiff alleged excessive force and strip search).

There are several reasons the instant matter should be stayed pending the outcome of the ID investigation.  First, a stay is warranted pending the resolution of the ID investigation because the parties will likely not have access to discoverable information that is vital to the progress of this litigation.  The law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al., 194 F.R.D 88, 93 (S.D.N.Y. 2000), citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted).  The purpose of the law enforcement privilege is "to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Dinler v. City of New York (In re City of New York), 607 F.3d 923, 941 (2d Cir. 2010) (citing In re Dep't of Investigation, 856 F.2d 481, 484 (2d Cir. 1988)).  This privilege extends to pending investigations. Morrissey v. City of New York, 171 F.R.D. 85, 90 (S.D.N.Y. 1997) (citations omitted).  Thus, any documents pertaining to the pending ID investigation of plaintiff's allegations, and of related issues derived from such allegations, would be protected from disclosure by the law enforcement privilege, until the investigatory proceedings have been completed.  Id.

Second, even if the Court were to find that the law enforcement privilege does not apply to this case, the deliberative process privilege would nonetheless be applicable to any and all ID documents and would similarly preclude their disclosure.  ID materials may not be disclosed, *even to this office*, until the open investigation is complete.  See Tigue v. United States DOJ, 312 F.3d 70, 76-77 (2d Cir. 2002) ("[F]or a document to be protected by deliberative process privilege, it must be: (1) an inter-agency or intra-agency document; (2) 'predecisional'; and (3) deliberative.").  "Predecisional" documents are created "to assist an agency decisionmaker in arriving at his decision." Tigue, 312 F.3d at 80 (quoting Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999)).  These include "recommendations, draft documents, proposals, suggestions, and other subjective documents [that] reflect the personal opinions of the writer rather than the policy of the agency." Grand Cent. P'ship, 166 F.3d at 482.  Material is considered "deliberative" where it is "actually related to the process by which policies are formulated." Anilao v. Spota, No. 10-CV-00032 (JFB) (AKT), 2015 U.S. Dist. LEXIS 135369, at *50 (E.D.N.Y. Sept. 30, 2015).  While courts evaluate five factors to determine whether the deliberate process privilege applies, "[i]n balancing these interests, foremost is the interest of the litigants, and ultimately of society, in accurate judicial fact finding" as aided by investigatory conclusions.  Id. at 229 (internal quotations and alteration omitted).  Here, ID's conducting of an investigation unencumbered by premature disruption of its process is essential to the parties eventually receiving the most complete and accurate investigatory conclusions possible, which would then serve to assist the fact-finding process in this litigation.

Consequently, due to the applicable privileges, this office can neither adequately evaluate the case, nor mount a defense in this action on behalf of any defendants without first having access to this information. In fact, *neither* party would have access to investigative information while the ID investigation remains open. Moreover, not only will defendants lack access to ID's investigation materials, but also, as confirmed by DOC, the undersigned will be unable to communicate with any of the four named defendant correction officers or any non-party DOC employee who may have witnesses the incident pending the outcome of the investigation. In other words, the undersigned will have no substantive information regarding the incident from any direct source until the investigation has been completed. Furthermore, absent complete findings by an investigatory body, this Court would be left with inaccurate information and determinations regarding the alleged incident.

Third, the pendency of the ID investigation will affect this office's ability to resolve representation decisions as to the individual defendant officers. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Because the ID investigations remain open, this office is unable to determine whether it can represent Correction Officer Sinacore, Correction Officer Brignol, Correction Officer Jennings or Captain Diaz; and, as a result, will be unable to appear on their behalf.[1] Furthermore, a stay would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. See Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4-5 (S.D.N.Y. July 17, 2012) (granting a stay due to a pending Department of Correction internal investigation because possible conflicts of interest between the City and officer defendants denied defendants a diligent defense). Pursuant to New York General Municipal Law § 50-k, the City is obligated to provide representation to an individual defendant, to the extent that he or she was acting within the scope of his or her duties as an employee during the incident in question. Should a stay not be granted, the City would likely be forced to represent the individual defendants prior to learning the outcome of its own investigation concerning their conduct. Should any of the individual defendants *later* be found responsible for any misconduct as a result of the investigation, defense counsel may be conflicted out of the matter entirely, and new counsel would need to be retained for the defendants. Such a scenario would likely cause a much greater disruption to the instant action than the requested stay.

Furthermore, plaintiff would not suffer any prejudice as a result of the proposed stay. In fact, it is respectfully submitted that a stay would be in plaintiff's best interest. Indeed, as internal investigation files routinely comprise the majority of written discovery in DOC actions, discovery would be greatly impeded if it were to proceed during the pendency of the ID investigation, as defendants would not be able to disclose any documents pertinent to the incident in question until the investigation's conclusion.

---

[1] It is my understanding that plaintiff intends to inform the Court shortly of an alleged default by these individual defendants. With respect to any such default that has occurred, if any, it is likely that the individual defendants, were they to appear and acknowledge a default, would cite the inability of this office to take on their representation as a contributing factor.

- 4 -

       Accordingly, defendant City respectfully requests that the Court stay the instant action, pending resolution of the ID investigation. If the Court is inclined to stay the instant action, this office can provide the Court with a status update in forty-five (45) days.

       Thank you for your time and consideration herein.

Respectfully submitted,

/s/
Karl J. Ashanti, Esq.
*Senior Counsel*

cc:     Danielle B. Sullivan, Esq. (BY ECF)
          *Attorneys for Plaintiff*