UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN KUCHMA<br><br>               Plaintiff,<br>  vs.<br><br>THE CITY OF NEW YORK, CORRECTION OFFICER MICHAEL SINACORE in his individual and official capacities, CORRECTION OFFICER F/N/U BRIGNOL in his individual and official capacities, CORRECTION OFFICER F/N/U JENNINGS in his individual and official capacities, CAPTAIN F/N/U DIAZ in her individual and official capacities, CORRECTION OFFICER JOHN DOE in his individual and official capacities,<br><br>               Defendants. | 16-CV-7830 (LTS)(BCM)<br><br>**PRELIMINARY PRE-TRIAL STATEMENT** |

       Pursuant to the Court's Initial Conference Order dated November 5, 2016, the parties in the above captioned action submit this Preliminary Pre-Trial Statement in anticipation of the pre-trial conference on December 1, 2017 at 3:30 p.m.:

**A. <u>Nature of Action:</u>**

       This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This case arises out of an incident on May 29, 2016 in which a member of New York City's Department of Corrections ("DOC") at Rikers Island allegedly subjected Plaintiff, a pre-trial detainee, to malicious, sadistic, degrading and premeditated sexual abuse and battery as multiple other officers and supervisors looked on. Plaintiff seeks compensatory and punitive damages, an award of costs and expenses of this action including attorneys' fees and any such other and further relief as the Court may deem appropriate.

1

B. **Related Actions:**

The parties are not aware of any pending related criminal or civil actions.

C. **Jurisdiction:**

Plaintiff contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising under state law. Venue in the Southern District of New York is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within the district. Furthermore, Plaintiff, a resident of New York County, New York, resided at Rikers Island at the time the events occurred. Defendant The City of New York is a duly constituted municipal corporation of the State of New York, and the individually named Defendants are employed as correction officers by the City of New York ("City").

D. **Uncontested or Admitted Facts:**

The City is a municipal corporation and it maintains a DOC as detailed by the New York State Charter. Defendants Michael Sinacore and Steven Brignol are employed by the City as correction officers. Defendant Taina Diaz is employed by the City as a correction captain. At the time of the incident, Plaintiff was a pretrial detainee at Otis Bantum Correctional Center ("OBCC") at Rikers Island, New York, NY. At the time the complaint and answer were filed, Plaintiff was housed at the Manhattan Detention Center ("MDC"). Directive 5011 is a document of the DOC. Finally, a purported notice of claim was received by the City on or about June 28, 2016, and the complaint was filed with the Court on or about October 6, 2016.

E. **Uncontested Legal Issues:**

N/A

**F. Legal Issues to be Decided by Court:**

As set forth more fully below, the Court will be deciding the legal issues involving whether or not the Defendants are liable for alleged excessive use of force and for sexual abuse Plaintiff allegedly sustained while plaintiff was a pretrial detainee housed at OBCC.

**G. Statements of Material Disputed Facts:**
    a. *Plaintiff's Statement*

On May 29, 2016, while a pretrial detainee at OBCC at Rikers Island, Plaintiff heard Defendant Sinacore, a white male, call a black detainee "a stupid Nigger" multiple times. Plaintiff, a white male, protested the use of the racial slur by Defendant Sinacore. Defendant Sinacore then proceeded to call Plaintiff a "cracker" and a "faggot," and said to Plaintiff, "You think this stupid Nigger would stick up for you?" Upon making these statements to Plaintiff, other guards had to restrain Defendant Sinacore who had begun threatening Plaintiff with physical harm. Later that same day, at approximately 8:00 p.m., Defendant Captain Diaz stated to Plaintiff that she needed to protect him and that she would escort Plaintiff to the cafeteria for his meal. On their way to the cafeteria, in the hall near the medication window, in between the mess hall and the clinic, Plaintiff and Defendant Captain Diaz encountered Defendants Sinacore, Brignol, Jennings, and Doe waiting at the bottom of the stairs.

While in the view of several monitoring cameras, Defendants, as a group, approached Plaintiff, and Defendant Sinacore grabbed Plaintiff and threw him against the wall. Defendant Sinacore ordered Plaintiff to spread his legs and kicked Plaintiff in the shins several times. Plaintiff suffered contusions to his shins. Thereafter, Defendant Sinacore proceeded to sexually abuse Plaintiff by grabbing and squeezing Plaintiff's testicles multiple times. Additionally, Defendant Sinacore forcibly inserted his hands between Plaintiff's buttocks. As Defendant Sinacore sexually abused and battered Plaintiff, Defendant Sinacore stated, "You faggot. Do you

3

like it? You like the way I am touching you, you faggot?" Defendant Sinacore then proceeded to take off Plaintiff's shoes and throw them, along with Plaintiff's drinking cup. Subsequently, Defendant Sinacore threatened Plaintiff saying "I will get you…I know where there are no cameras." Upon completing the physical abuse, Defendant Sinacore pulled Plaintiff's pants down and exposed his naked buttocks, and also pulled Plaintiff's shirt over his head. While this attack took place, the aforementioned Defendant correction officers and captain stood by and did nothing to prevent or stop the sexual abuse and batteries. Plaintiff sought medical attention for his injuries, but was denied medical attention until several hours after the attack had ceased. Plaintiff was assessed for sexual assault and photographs were taken of his injuries. Defendant Captain Diaz stated "This is a little more serious than I thought."

The next day, May 30, 2016, Plaintiff called 311 and reported the incident. That same day, Plaintiff also called the Sexual Assault Hotline, which informed him that the report would be kept confidential.

On June 22, 2016, while Plaintiff was receiving social services, he encountered Defendant Sinacore who called him "a queer." On June 23, 2016, Defendant Sinacore tracked down Plaintiff as he was walking to dinner and yelled at him and called him a "racist prick." Later that day, Plaintiff heard Defendant Sinacore tell another inmate that he heard that Plaintiff was trying to sue him and that he was prepared for it. On June 27, 2016, Plaintiff saw Defendant Sinacore in the medical clinic and Defendant Sinacore told Plaintiff that he had a good lawyer. Thereafter, Defendant Sinacore continued to target Plaintiff, finding ways to leave his post in the recreation yard and come inside to harass Plaintiff. Plaintiff feared for his safety and felt as if Defendant Sinacore had been stalking him. Plaintiff's anxiety medication was increased following this incident.

On June 28, 2016, the day Plaintiff filed his Notice of Claim, Plaintiff's dorm was placed on lockdown and inmates were not allowed to make phone calls nor watch television. Later in the afternoon, an alarm in Plaintiff's housing unit was rung, the pro team entered, and Plaintiff was told pack up his belongings and was transferred to MDC.

At all relevant times, Defendant City has demonstrated a deliberate indifference to Plaintiff's claim of sexual abuse by Defendant Sinacore, as well as other sexual abuse by correction officers against inmates at OBCC and other Rikers Island jails.

    b. *Defendants' Statement*

On May 29, 2016, at approximately 8:00 p.m., Plaintiff had a verbal interaction with Defendant Sinacore in the presence of other individuals. Defendant Sinacore restrained Plaintiff in advance of any escalation of the physical threat posed by Plaintiff. As a result of the incident, Plaintiff claimed to have sustained physical injuries. Plaintiff sought and received prompted medical attention for his alleged injuries.

On June 28, 2016, as per protocol, Plaintiff was transferred to MDC.

There is no objective medical evidence to support Plaintiff's claim of sexual abuse, much less proof of other sexual abuse by correction officers against inmates at OBCC and other Rikers Island facilities.

**H. <u>Legal Basis of Each Claim Asserted:</u>**

Whether Defendant Sinacore, used excessive force against Plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendants Jennings, Brignol, Diaz, and Doe failed to intervene to prevent the excessive force against Plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendant Sinacore sexually abused Plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendants Jennings, Brignol, Diaz, and Doe failed to intervene to prevent the sexual abuse against Plaintiff in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendant Captain Diaz failed to supervise Defendant Sinacore in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendant City violated Plaintiff's rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution;

Whether Defendant Sinacore committed an assault and battery against Plaintiff in violation of New York common law;

Whether all Defendants were negligent to Plaintiff in violation of New York common law;

Whether all Defendants intentionally inflicted emotional distress upon Plaintiff in violation of New York common law; and

Whether Defendant City is liable to Plaintiff under a theory of respondeat superior liability as per New York common law.

## I. Legal Basis of Each Defense Asserted:

Defendants contend that plaintiff Justin Kuchma fabricated the alleged sexual nature of any contact he had with correction officers on May 26, 2017, particularly the search of his person in the vicinity of the hallway leading from the clinic to the messhall. Defendants contend further that any and all physical injuries sustained by plaintiff were not the result of the alleged incident but derived from an alternative source.

No employee of the City of New York, while acting within the scope of his or her employment, subjected plaintiff to excessive force or any form of physical or sexual abuse. Any force utilized to restrain plaintiff on May 26, 2017 was reasonable and necessary to terminate any threat posed by plaintiff.

**J. Measure and Burdens of Proof:**

Plaintiff must prove the elements of his claims by a preponderance of the evidence and all issues regarding any claims.

**K. Amendments of the Pleadings:**

Plaintiff will seek to amend the complaint upon the receipt of responsive documents providing the names of Defendants F/N/U Jennings and John Doe. Furthermore, Plaintiff may amend the complaint to address any additional claims that might reveal themselves through discovery, including the file of the investigation conducted by the Investigation Division ("ID") of the New York City Department of Corrections ("DOC") concerning the incident that underlies the allegations in the Complaint.

**L. Magistrate Judge Trial:**

The parties do not unanimously consent to trial by a Magistrate Judge.

**M. Fed. R. Civ. P. 26:**

No changes should be made on the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a). Disclosures under Rule 26(a)(1) will be made by January 5, 2018.

**N. Nature and Manner of Discovery:**

Plaintiff anticipates that disclosure will be needed for the surveillance footage from the monitoring cameras that purportedly documented alleged incident, Plaintiff's pretrial detainee file, any and all documentation and/or recordings of Plaintiff's formal complaints made through

311 and the Sexual Assault Hotline made on or about May 30, 2016, personnel and disciplinary files of the named Defendants, and the file from the investigation by ID of the DOC concerning the incident. Plaintiff also intends on taking the depositions of the named Defendants. Defendants intend to demand Plaintiff's 50-h and take his deposition, as well as to obtain any all relevant documentation concerning plaintiff's alleged physical and psychological injuries and to depose any and all relevant non-party witnesses.

There is a possibility that Plaintiff will be released by the end of this year, but will not remain incarcerated beyond the end of February 2018. Thus, the parties propose a discovery cut-off date for June 1, 2018, but may seek an extension of two months should Plaintiff remain incarcerated through February 2018.

**O. Expert Evidence:**

At this stage, Plaintiff anticipates that he will be retaining a medical expert. Plaintiff submits that he will retain and disclose said expert at the appropriate time. Notwithstanding, Plaintiff expressly reserves the right to retain an expert prior to the conclusion of fact discovery. Defendants intend to retain rebuttal experts for each and every expert retained and disclosed by plaintiff and expressly reserve all rights to expert discovery under the federal rules.

**P. Limitations on Discovery and Other Matters:**

Plaintiff submits that no limitations are necessary.

**Q. Settlement:**

The parties have discussed the possibility of settlement, and plaintiff provided the City with a global settlement demand on November 22, 2017.

**R. Jury Trial:**

This case is to be tried before a jury. The parties anticipate a one week trial.

**S. Other Orders that Should Be Entered by the Court:**

Plaintiff submits that the Court need not enter any orders under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c) at the present time.

Dated: November 22, 2017
New York, New York

Respectfully Submitted,

NEWMAN FERRARA LLP

  s/ Danielle B. Sullivan
Danielle B. Sullivan
Randolph M. McLaughlin
Debra S. Cohen
1250 Broadway, 27th Floor
New York, New York 10001
Tel: 212-619-5400
Fax: 212-619-3090
*Attorneys for Plaintiff*

CORPORATION COUNSEL

  s/ Karl J. Ashanti
Karl J. Ashanti
100 Church Street, RM 3-199
New York, New York 10007
Tel: 212-356-2371
Fax: 212-356-3509
*Attorney for Defendant City of New York*